Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiff
Jennifer Ann Matthews

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER ANN MATTHEWS,<br><br>            Plaintiff,<br><br>        v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, LOS ANGELES SHERIFF JAMES McDONNELL, in his individual and official capacity, DEPUTY GIANCARLO SCOTTI, and DOES 1 TO 10,<br><br>            Defendants. | Case No. 2:17-cv-7908<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS UNDER 18 U.S.C. § 1983**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      While employed by the County of Los Angeles as a Sheriff's deputy, and while working his shift at the Century Regional Detention Center, defendant Deputy Giancarlo Scotti raped and sexually abused female inmates at the Century Regional Detention Center in Los Angeles County. Plaintiff Jennifer Ann Matthews is one of Deputy Scotti's victims.

2.      In and around August 2017, Deputy Scotti sexually assaulted and abused Plaintiff by forcing her to orally copulate him while the two were isolated, alone, and

1  together in her cell.

2      3.      On September 13, 2017, Deputy Scotti was arrested on suspicion of

3  sexually assaulting at least two women inmates at the Century Regional Detention

4  Facility. Specifically, the accusations which compelled defendant's arrest included rape

5  under color of authority and oral copulation under color of authority.

6      4.      This civil rights action seeks compensatory and punitive damages from

7  defendants for violating rights under the United States Constitution in connection with

8  the sexual assault of Plaintiff by Deputy Scotti. In sexually assaulting and abusing the

9  Plaintiff and other victims, Deputy Scotti exploited opportunities that were provided by

10  the County's deliberate indifference to the safety of Plaintiff and other victims. Deputy

11  Scotti's supervisors and co-workers, together with the County of Los Angeles and the

12  Los Angeles County Sheriff's Department, and Sheriff McDonnell, failed to respect

13  and enforce key policies designed to prevent and deter sexual abuse, failed to train their

14  employees regarding those policies, failed to discipline their employees for violating

15  those policies, maintained vague and unclear policies, and maintained customs and

16  practices that deviated from written policy.

17                          **JURISDICTION AND VENUE**

18      5.      This case arises under 42 U.S.C. § 1983. Accordingly, subject matter

19  jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

20      6.      Plaintiff's claims arise out of a course of conduct involving officials for

21  the County of Los Angeles, in the County of Los Angeles, State of California, and

22  within this judicial district.

23                                  **PARTIES**

24      7.      Plaintiff Jennifer Ann Matthews is an adult competent to sue. At all

25  relevant times, Plaintiff was incarcerated at the Century Regional Detention Facility

26  ("CRDF"), a women's jail located at 11705 Alameda Street, Lynwood, CA 90059.

27      8.      Defendant County of Los Angeles ("County") is a legal and political entity

28  established under the laws of the State of California, with all of the powers specified

                                       2

and necessarily implied by the Constitution and the laws of the State of California and exercised by various government agents and officers. In this case, the County acted through its agents, employees, and servants, including the policymakers for defendant the Los Angeles County Sheriff's Department ("LASD"), and through defendant Sheriff James McDonnell ("McDonnell"), the Sheriff of the LASD. Defendant McDonnell is sued in both his official and individual capacity.

9.     At all relevant times, Defendants County, LASD, McDonnell and each of them, possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the LASD, including those individuals charged with protecting the health and safety of detainees and arrestees at County detention facilities, including plaintiff Jennifer Ann Matthews, and to assure that said actions, policies, rules, regulations, customs, practices and procedures of the LASD and its employees and agents complied with the laws and constitutions of the United States and the State of California. At all relevant times, the County was the employer of each of the individually named defendants, and the CRDF was a County-run facility.

10.     Defendant Deputy Giancarlo Scotti ("Deputy Scotti") is a deputy sheriff for the LASD. At all relevant times, Deputy Scotti was a duly authorized employee and agent of the County of Los Angeles, subject to oversight and supervision by the County's elected and non-elected officials, and was acting under color of law and within the course and scope of his duties as a sheriff deputy for the LASD and with complete authority and ratification of the principal, County. In committing the acts alleged herein, Deputy Scotti acted within the scope of his respective employment and under color of law. Deputy Scotti is sued in both his official and individual capacities.

11.     The true names of defendants Does 1 through 10 are presently unknown to Plaintiff, who therefore sues each of these defendants by such fictitious name; but upon ascertaining the true identity of a defendant Doe, Plaintiff will amend this

1  complaint or seek leave to do so by inserting the true and correct name in lieu of the
2  fictitious name. Plaintiff is informed and believes, and on the basis of such information
3  and belief alleges that each defendant Doe herein is in some manner responsible for the
4  injuries and damages alleged herein. Each individually named Doe defendant, like each
5  individually named defendant, acted under color of law and within the scope of his or
6  her agency and employment with the County and LASD. Each Doe is sued in both
7  his/her official and individual capacities.

8                    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9        12.    Pursuant to California Government Code § 910, Plaintiff presented to
10 defendant County of Los Angeles the appropriate claim for damages. The claim was
11 rejected and thereby denied. This action was filed timely.

12                **FACTS PERTINENT TO ALL CAUSES OF ACTION**

13       13.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1
14 through 12 of this complaint with the same force and effect as if fully set forth herein.

15       14.    Plaintiff Jennifer Ann Matthews was arrested and placed into the custody
16 of the LASD on June 25, 2017. Plaintiff was detained at the CRDF, until her release on
17 October 27, 2017.

18       15.    During her time at the CRDF, Plaintiff was under the direct supervision
19 of Deputy Scotti. Deputy Scotti was known as a "cool" guard, but known for flirting
20 with the women inmates at the CRDF.

21       16.    Plaintiff was pregnant during her incarceration at the CRDF. In June and
22 July of 2017, Plaintiff had access to counseling, drug treatment, and a diet reserved for
23 pregnant inmates. Plaintiff was in general population and wore a blue inmate jumpsuit.

24       17.    On or around August 2017, perhaps as early as late July 2017 but at least a
25 week before September 12, 2017, Plaintiff was taking a "birdbath" in her cell, washing
26 her body over a sink. As she was cleaning herself, Deputy Scotti walked by and said
27 "not bad!" It was not uncommon for male Sheriff's deputies to walk past women
28 inmates at the CRDF while they were changing, but Plaintiff was troubled by the

comment and felt singled out, vulnerable, and scared.

18.     Later, but during this same time period around August 2017, Deputy Scotti walked by Plaintiff as she was changing in her cell, taking off her long-johns and wearing just a t-shirt. Deputy Scotti stood at the door of the cell and said, "let me see what you're working with." Plaintiff said, "excuse me?!" and Deputy Scotti said again, "let me see what you're working with." Deputy Scotti's tone conveyed to Plaintiff that his statement was a demand. Plaintiff was seated at this point and Deputy Scotti then said, "spread it open!" Plaintiff interpreted the statement to be a demand to open up her legs to show Deputy Scotti her vagina. Scared and in fear, Plaintiff complied with Deputy Scotti's request. When Plaintiff looked up at Deputy Scotti, he was further in her cell, his pants were open, and he was holding his penis in his hand. Deputy Scotti began making verbal demands of Plaintiff, including the statement, "Come here, get on your knees." Plaintiff took the statement to be a command that she orally copulate Deputy Scotti. Deputy Scotti's statements, together with his tone, demeanor, and the content of the statements themselves, placed Plaintiff in sustained fear. Plaintiff felt like she had no other choice but to comply with Deputy Scotti's forcible commands. Deputy Scotti inserted his penis into Plaintiff's mouth. After Deputy Scotti ejaculated and was finished with Plaintiff, he patted her on the butt and said, "So we have an understanding." Plaintiff interpreted that statement to be a command not to tell anyone about what had just happened. After Deputy Scotti left her cell, Plaintiff remembers cleaning her cell floor with Clorox wipes and then falling asleep in the middle of the day.

19.     A couple weeks after Deputy Scotti forced her to orally copulate him, Plaintiff saw investigators with the County's Internal Affairs department walking with other women inmates of the CRDF. This was on or around September 13, 2017. Shortly thereafter, Plaintiff was interviewed by a Lieutenant Stone of the LASD's Internal Affairs department, as well as a female officer with Internal Affairs. A day or two later, Plaintiff was again interviewed by Lieutenant Stone. Deputy Scotti's sexual

1  assault of Plaintiff had occurred in the middle of shift and in the middle of program.

2  Plaintiff was terrified that Deputy Scotti could get away with something so brash and

3  Plaintiff was still afraid of retaliation by Deputy Scotti and other LASD deputies at the

4  times she was questioned about the sexual assault.

5          20.    After being questioned by Lieutenant Stone and other officers with

6  Internal Affairs, and after being told that she was the victim, Plaintiff began to receive

7  negative retaliatory treatment from non-Internal Affairs LASD employees. In

8  particular, after Plaintiff spoke with Internal Affairs officers, she was re-classified as a

9  "K-10," the time out of her cell was severely curtailed, privileges were restricted, she

10  was made to wear an orange inmate jumpsuit, her counseling and drug treatment

11  sessions were curtailed, and she was denied the diet reserved for pregnant women.

12  Additionally, and due to her new "K-10" classification, she would routinely be

13  inappropriately shackled and restrained in chains during transport to her court hearings.

14          21.    The stress from Deputy Scotti's sexual assault of her, combined with her

15  pregnancy, and the loss of counseling, drug treatment and a healthier diet, all severely

16  impacted Plaintiff's mental well-being. Furthermore, while incarcerated, Plaintiff did

17  not have access to regular markers of dates and calendars (such as a cell phone)

18  common to life "outside" while not incarcerated. As a consequence, Plaintiff has

19  difficulty remembering dates and does not remember the day or week when Deputy

20  Scotti's sexual assault of her occurred. Plaintiff does remember that it was at least a few

21  weeks before September 14, 2017, which was when the news media began reporting

22  that Deputy Scotti had been arrested for raping and sexually assaulting female inmates

23  at the CRDF.[1]

24          22.    Plaintiff further suffered after media coverage of the sexual assaults

25  became known amongst the staff and inmates at the CRDF. Inmates would taunt

26  Plaintiff by chanting "Free Scotti!" upon seeing Plaintiff. This in particular caused

27

28  [1] "Sheriff's Deputy Arrested on Suspicion of Sexually Assaulting 2 Female Inmates." *Los Angeles Times*, Sept. 14, 2017, available at http://www.latimes.com/local/lanow/la-me-ln-lasd-deputy-arrest-20170914-story.html

6

Plaintiff to be placed in sustained fear of physical attack by other inmates. LASD employees who heard such taunts did nothing to intervene on Plaintiff's behalf. As a consequence, Plaintiff was continuously taunted at the CRDF and feared great bodily harm while pregnant, until her release on October 27, 2017. The taunts further contributed to Plaintiff's lack of mental well-being and sense of security, or lack thereof.

23.     Upon information and belief, Plaintiff alleges that before she was sexually assaulted by Deputy Scotti, that the County, LASD and McDonnell were on notice that other female inmates had complained about sexual assaults and sexually inappropriate behavior by Deputy Scotti. Furthermore, Plaintiff alleges that Deputy Scotti had been put on some form of employment probation. Nonetheless, the County, LASD and McDonnell, and certain Does, permitted Deputy Scotti to work at a women's jail, permitting him the regular, daily task of supervising women inmates, which oftentimes necessitated that he be alone with women inmates.

24.     Defendant McDonnell, and certain Does, other LASD supervising officers, were on notice that Deputy Scotti was engaging in conduct in violation of written policy, including policies deterring sexual abuse and impropriety.

25.     Defendant McDonnell, and certain Does, other LASD supervising officers, failed to act to prevent Deputy Scotti from engaging in this conduct. Since the written policies were designed, at least in part, to prevent and deter sexual abuse, McDonnell, and other LASD supervising officers knew, or reasonably should have known, that the failure to enforce these policies heightened the danger of sexual abuse of female inmates by Deputy Scotti.

26.     As a result of McDonnell, and certain Does' (other LASD supervising officers) failure to supervise Deputy Scotti, despite being put on notice, Deputy Scotti was not subject to timely LASD discipline and instead permitted the opportunity to victimize female inmates, such as Plaintiff.

27.     If Deputy Scotti had been adequately trained and supervised prior to the

1  sexual abuse of Plaintiff, if his errant behavior had been timely investigated, and if he

2  had been timely punished as a result, then the sexual abuse of Plaintiff in this case

3  could have been averted.

4                              **DAMAGES**

5          28.     As a direct and proximate result of aforesaid acts and omissions, and the

6  customs, practices, policies and decisions of the defendants alleged in this complaint,

7  Plaintiff suffered and will continue to suffer great emotional, mental and physical pain

8  and injuries, anguish, fright, nervousness, anxiety, shock, humiliation, indignity,

9  embarrassment, harm to reputation, and apprehension, which have caused and will

10  continue to cause, Plaintiff to sustain general damages in a sum to be determined at

11  trial.

12          29.     As a direct and proximate result of the aforesaid acts, omissions, customs,

13  practices, policies and decisions of the aforementioned Defendants, Plaintiff suffered

14  the denial of her fundamental constitutional rights guaranteed by the First, Fourth,

15  Eighth and Fourteenth Amendments of the United States Constitution, which have

16  caused Plaintiff to sustain damages in a sum to be determined at trial.

17          30.     As a further direct and proximate result of the aforesaid acts, omissions,

18  customs, practices, policies and decisions of the aforementioned Defendants, Plaintiff

19  incurred and will continue to incur medical expenses, including psychological

20  treatment.

21          31.     As a further direct and proximate result of the aforesaid acts, omissions,

22  customs, practices, policies and decisions of the aforementioned Defendants, Plaintiff

23  suffered past and future losses of income that have caused her to sustain economic

24  damages in a sum to be determined at trial.

25          32.     Deputy Scotti, Sheriff McDonnell, and individual Doe defendants,

26  excluding Defendants County and LASD, acted in a manner that was willful, wanton,

27  malicious and oppressive, with reckless disregard of or in deliberate indifference to and

28  with the intent to deprive Plaintiff of her constitutional rights, and did in fact violate

8

1  the aforementioned rights, entitling Plaintiff to exemplary and punitive damages in an

2  amount to be proven at the trial in this matter.

3

4                        **FIRST CLAIM FOR RELIEF**

5              **Violation of Civil Rights – 42 U.S.C. § 1983**

6                  (First Amendment – Against All Defendants)

7          33.    Plaintiff incorporates by reference each and every allegation contained in

8  the foregoing paragraphs as if re-alleged herein.

9          34.    At all relevant times, Plaintiff was incarcerated at the CRDF, a jail

10 operated by the County. At all relevant times Plaintiff was under the direct supervision

11 and control of her jailers, deputies of the LASD.

12         35.    The entity defendants, individual defendants, and Doe defendants, while

13 acting under color of law, deprived Plaintiff of her civil rights under the First

14 Amendment by acting and/or allowing each other to act in a threatening or violent

15 manner and otherwise engaging in conduct that inhibited Plaintiff's freedom of speech

16 and right to petition for redress of grievances and to complain about her treatment

17 while in custody, and that such actions undertaken by defendants would chill a person

18 of ordinary firmness from continuing to engage in freedom of speech.

19         36.    The above acts and omissions, while carried out under color of law, have

20 no justification or excuse in law, and instead constitute a gross abuse of governmental

21 authority and power that shock the conscience. They are fundamentally unfair, arbitrary

22 and oppressive, and unrelated to any activity in which governmental officers may

23 appropriately and legally undertake in the course of protecting persons, or ensuring

24 civil order. The above acts and omissions were consciously chosen from among various

25 alternatives.

26         37.    The conduct of entity defendants, individual defendants, and Doe

27 defendants was willful, wanton, malicious, or done with reckless disregard for the rights

28 and safety of Plaintiff.

38.     Plaintiff specifically alleges that Defendants' complained of acts and/or omissions were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injuries complained of herein by Plaintiff.

39.     As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned defendants, Plaintiff suffered extreme and severe mental anguish, and was injured as alleged above, entitling her to recover compensatory and punitive damages (excepts as to the entity defendants) according to proof.

## SECOND CLAIM FOR RELIEF

### Violation of Civil Rights – 42 U.S.C. § 1983

(Fourth Amendment– Against Deputy Scotti)

40.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

41.     At all relevant times, Plaintiff was incarcerated at the CRDF, a jail operated by the County. At all relevant times Plaintiff was under the direct supervision and control of her jailers, deputies of the LASD.

42.     Defendant Deputy Scotti, while acting under color of law, sexually assaulted Plaintiff and engaged in the conduct described above, and thereby deprived Plaintiff of her civil rights under the Fourth Amendment to the United States Constitution.

43.     The force used by Deputy Scotti upon Plaintiff while sexually assaulting her in custody was harmful, unwanted, and excessive.

44.     The sexual assaults of Plaintiff by Deputy Scotti, and Deputy Scotti's conduct as described above, were unreasonable, unjustified, and offensive to human dignity.

45.     The conduct of Deputy Scotti was willful, wanton, malicious, or done

1  with reckless disregard for the rights and safety of Plaintiff and therefore warrants the
2  imposition of exemplary and punitive damages.

3     46.    As a result of the conduct of Deputy Scotti, Plaintiff was harmed.

4     47.    Plaintiff specifically alleges that Defendants' complained of acts and/or
5  omissions, were within each of their control, and within the feasibility of each of them,
6  to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and
7  injury complained of herein by Plaintiff.

8

9            **THIRD CLAIM FOR RELIEF**
10          **Violation of Civil Rights – 42 U.S.C. § 1983**
11          (Eighth Amendment –Against Deputy Scotti)

12    48.    Plaintiff incorporates by reference each and every allegation contained in
13  the foregoing paragraphs as if re-alleged herein.

14    49.    At all relevant times, Plaintiff was incarcerated at the CRDF, a jail
15  operated by the County. At all relevant times Plaintiff was under the direct supervision
16  and control of her jailers, deputies of the LASD.

17    50.    Defendant Deputy Scotti, while acting under color of law, sexually
18  assaulted Plaintiff and engaged in the conduct described above, and thereby deprived
19  Plaintiff of her civil rights under the Eighth Amendment to the United States
20  Constitution.

21    51.    The force used by Deputy Scotti upon Plaintiff while sexually assaulting
22  her in custody was harmful, unwanted, and excessive.

23    52.    The sexual assault of Plaintiff by Deputy Scotti, and Deputy Scotti's
24  conduct as described above, was unreasonable, unjustified, and offensive to human
25  dignity. It was also with deliberate indifference to the rights and safety of Plaintiff.

26    53.    The conduct of Deputy Scotti was willful, wanton, malicious, sadistic, and
27  done with reckless disregard for the rights and safety of Plaintiff and therefore warrants
28  the imposition of exemplary and punitive damages.

11

54.   As a result of the conduct of Deputy Scotti, Plaintiff was harmed.

55.   Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## FOURTH CLAIM FOR RELIEF

### Violation of Civil Rights – 42 U.S.C. § 1983

(Fourteenth Amendment –Against Deputy Scotti)

56.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

57.   At all relevant times, Plaintiff was incarcerated at the CRDF, a jail operated by the County. At all relevant times Plaintiff was under the direct supervision and control of her jailers, deputies of the LASD.

58.   Defendant Deputy Scotti, while acting under color of law, sexually assaulted Plaintiff and engaged in the conduct described above, and thereby deprived Plaintiff of her civil rights under the Fourteenth Amendment to the United States Constitution.

59.   The force used by Deputy Scotti upon Plaintiff while sexually assaulting her in custody was harmful, unwanted, and excessive.

60.   The sexual assault of Plaintiff by Deputy Scotti, and Deputy Scotti's conduct as described above, was unreasonable, unjustified, and offensive to human dignity. It was also with deliberate indifference to the rights and safety of Plaintiff.

61.   The conduct of Deputy Scotti was willful, wanton, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

62.   As a result of the conduct of Deputy Scotti, Plaintiff was harmed.

63.   Plaintiff specifically alleges that Defendants' complained of acts and/or

1  omissions, were within each of their control, and within the feasibility of each of them,

2  to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and

3  injury complained of herein by Plaintiff.

4

5  **FIFTH CLAIM FOR RELIEF**

6  **Violation Due Process – 42 U.S.C. § 1983**

7  (Fourteenth Amendment –Against Deputy Scotti)

8  64.    Plaintiff incorporates by reference each and every allegation contained in

9  the foregoing paragraphs as if re-alleged herein.

10  65.    At all relevant times, Plaintiff was incarcerated at the CRDF, a jail

11  operated by the County. At all relevant times Plaintiff was under the direct supervision

12  and control of her jailers, deputies of the LASD.

13  66.    Plaintiff had a cognizable interest under the Due Process Clause of the

14  Fourteenth Amendment of the United States Constitution to be free from state actions

15  that deprive her of life, liberty, or property in such a matter as to shock the conscience.

16  67.    Defendant Deputy Scotti acting under color of law and within the course

17  and scope of his employment by the County and LACPD, sexually assaulted Plaintiff

18  and engaged in the conduct described above, and thereby deprived Plaintiff of her civil

19  rights under the Fourteenth Amendment to the United States Constitution.

20  68.    The aforementioned actions of Deputy Scotti, along with undiscovered

21  conduct, shock the conscience, in that he acted with deliberate indifference to the

22  constitutional rights of Plaintiff.

23  69.    The acts of Deputy Scotti violated the substantive due process rights of

24  Plaintiff.

25  70.    The acts or omissions of Deputy Scotti caused harm to Plaintiff.

26  71.    The conduct of Deputy Scotti was willful, wanton, malicious, and done

27  with reckless disregard for the rights and safety of Plaintiff and therefore warrants the

28  imposition of exemplary and punitive damages.

13

72.     Plaintiff specifically alleges that Defendants' complained of acts and/or omissions, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability –Unconstitutional Custom, Practice, or Policy

### 42 U.S.C. § 1983

(Against County, LASD, Sheriff McDonnell, and Certain Does)

73.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

74.     The individual defendants and Doe defendants acted under color of law and within the course and scope of their employment by the County and LASD.

75.     The individual defendants and Doe defendants deprived Plaintiff of her particular rights under the First Amendment, and Deputy Scotti deprived Plaintiff of her Fourth, Eighth, and Fourteenth Amendments, as alleged above.

76.     Plaintiff is informed and believes, and thereon alleges that, at all times herein mentioned, defendants County, LASD, the relevant policy maker, Sheriff McDonnell, and relevant County officials, whether named or unnamed certain Does (hereinafter referred to collectively as the entity defendants) maintain or tolerate unconstitutional customs, practices, and policies that facilitated the deprivation of Plaintiff's rights under the First, Fourth, Eighth, and Fourteenth Amendment, as alleged above.

77.     The policies, customs, and practices described above are also evidenced by the victimization of Plaintiff and other female inmates at the CRDF by Deputy Scotti.

78.     Entity defendants had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Said officials

14

acted with deliberate indifference to the foreseeable effects and consequences of these policies, practices and customs with respect to the constitutional rights of Plaintiff and other wards similarly situated.

79.     As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned defendants, Plaintiff was injured and sustained damages as alleged above. Accordingly, Plaintiff seeks compensatory damages from all the entity defendants, and punitive damages from Sheriff McDonnell, in his individual capacity only.

**SEVENTH CLAIM FOR RELIEF**

**Municipal Liability –Inadequate Training/Policy of Inaction**

**42 U.S.C. § 1983**

(Against County, LASD, McDonnell and Does in Their Individual and Official Capacity)

80.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

81.     At all times mentioned herein and prior thereto, defendants County, LASD, McDonnell and certain Does had a duty to train, instruct, supervise and discipline their subordinates to assure they respected and did not violate constitutional and statutory rights of inmates, and to objectively investigate violations of women prisoners' rights, including, but not limited to, the right to be free from sexual abuse, the right to be safe and protected from injury while in defendants' custody, and the right to speak to officials about sexual abuse without retaliation under the First, Fourth, Eight and Fourteenth Amendments to the U.S. Constitution.

82.     Plaintiff is informed and believes, and thereupon allege, that prior to the incident alleged herein, defendants McDonnell and certain Does facilitated, permitted, ratified and/or condoned similar acts of sexual abuse of female inmates by male Sheriff's deputies, and were deliberately indifferent to the health and safety of inmates in general and plaintiff in particular. Said defendants knew, or should have reasonably

1  knowns, of this practice, pattern or policy of constitutional violations, and additionally,

2  of the existence of certain facts and situations that created the potential of

3  unconstitutional acts, and had a duty to instruct, train, supervise and discipline their

4  subordinates to prevent similar acts to other persons, but failed to do so.

5      83.   The training provided by the County, LASD, and the relevant policy

6  maker, Sheriff McDonnell, and relevant County officials, whether named or unnamed

7  Does (hereinafter referred to collectively as the entity defendants) was not adequate to

8  train their sheriff deputies and other jail staff to handle the usual and recurring

9  situations with which they must deal. As evidenced by the numerous instances of

10 female inmates other than Plaintiff who were sexually assaulted by male deputies, the

11 entity defendants did not adequately train their officers and staff to prevent, deter,

12 detect, and avoid sexual abuse of female inmates at the CRDF – and were on notice of

13 such.

14     84.   The entity defendants maintained a policy and practice of inaction with

15 respect to the violation of policies designed to prevent or deter sexual abuse of female

16 inmates. LASD officers who engaged in suspicious behavior, or behavior that violated

17 written policy, were inadequately disciplined or otherwise not penalized in connection

18 with sexual or otherwise inappropriate behavior towards female inmates. The entity

19 defendants were deliberately indifferent to the obvious consequences of their failure to

20 train their officers and staff adequately.

21     85.   As a result thereof, Plaintiff's rights under the First, Fourth, Eight and

22 Fourteenth Amendments to the U.S. Constitution were violated. As a further result

23 thereof, Plaintiff sustained the injuries and damages alleged herein.

24     86.   The individual defendants and Doe defendants acted under color of law

25 and within the course and scope of their employment by the County and LASD.

26     87.   As a direct and proximate result of the aforesaid acts, omissions, customs,

27 practices, policies and practice of inaction of the aforementioned defendants, Plaintiff

28 was injured and sustained damages as alleged above. Accordingly, Plaintiff seeks

16

1  compensatory damages from all the entity defendants

2       88.    The conduct of the individual defendants mentioned herein, in their

3  individual capacities, was intentional, malicious, willful, wanton and in reckless

4  disregard of Plaintiff's conditional rights, and/or grossly negligent in that this conduct

5  shocks the conscience and is fundamentally offensive to a civilized society, so as to

6  justify the imposition of punitive damages against these defendants in their individual

7  capacity.

8

9  **EIGHTH CLAIM FOR RELIEF**

10  **Failure to Intervene to Prevent Civil Rights Violations – 42 U.S.C. §§ 1983, 1988**

11  (Against Certain Individual Doe Defendants)

12       89.    Plaintiff realleges and incorporates all of the allegations and statement set

13  forth herein.

14       90.    At all times relevant, certain individual Doe defendants were present and

15  were charged with the constitutional duties of protection of protection of Plaintiff and

16  were charged with the duty to not knowingly, with wanton disregard, cause her life,

17  health and safety to be placed in danger by intentionally and/or deliberately ignoring

18  the known dangers to Plaintiff posed by Deputy Scotti.

19       91.    Each said defendant had ample and reasonable sufficient time and

20  opportunity to so intervene and prevent Plaintiff's injuries, and was compelled to do so

21  as a LASD deputy and/or employee under the laws of the state of California and

22  United States Constitution. In deliberate indifference to the welfare of Plaintiff, each

23  said defendant intentionally and with deliberate indifference to the civil rights of

24  Plaintiff, refrained from intervening in the acts leading to Plaintiff's injuries.

25       92.    As a result thereof, Plaintiff's rights under the First, Fourth, Eighth and

26  Fourteenth Amendments to the U.S. Constitution were violated. As a result thereof,

27  Plaintiff sustained the injuries and damages alleged herein.

28       93.    The conduct of the individual Doe defendants mentioned herein was

intentional, malicious, willful, wanton and in reckless disregard of Plaintiff's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages on the individual Doe defendants.

## NINTH CLAIM FOR RELIEF
### Violation of Civil Rights – 42 U.S.C. §§ 1983, 1988
### Conspiracy to Violate Civil Rights
(Against All Individual County Defendants)

116.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

117.   This cause of action arises under United States Code, Title 42, Sections 1983 and 1988, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to herself by the First, Eighth and Fourteenth Amendments to the United States Constitution.

118.   Defendants Deputy Scotti, Sheriff McDonnell, and Does 1-10, and each of them:

(a) had a joint and simultaneous duty to make sure that Plaintiff was not sexually assaulted;

(b) had joint and simultaneous knowledge that Plaintiff was at risk of being sexually assaulted by Deputy Scotti;

(c) with such duty, knowledge and a meeting of the minds, took action at the same time and in the same place to collaborate to refuse to protect Plaintiff from Deputy Scotti's sexual assaults. Thus, forming a 'pact of denial' such that for the months that Plaintiff was subject to Deputy Scotti's sexual assaults – after the individual defendants had been alerted to the danger Deputy Scotti posed to Plaintiff – not a single one of them did anything to intervene on Plaintiff's behalf or prevent the sexual

assaults of Plaintiff;

(d) acted as described herein above, in conspiracy with, and with the agreement permission, ratification, and approval of, each other to violate Plaintiff's civil rights as stated herein.

119. As a direct and proximate result of the aforementioned acts, omissions and deliberate indifference of each of the defendants, Plaintiff was harmed.

**TENTH CLAIM FOR RELIEF**

**Battery – California Common Law**

(Against Deputy Scotti)

120. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

121. Deputy Scotti intentionally and inappropriately touched and sexually assaulted Plaintiff when he forced her to orally copulate him.

122. Deputy Scotti did not have legal justification for sexually assaulting Plaintiff. His actions were excessive and unreasonable.

123. The conduct of Deputy Scotti was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Deputy Scotti.

124. As a direct and proximate cause of Deputy Scotti's actions, Plaintiff suffered extreme mental anguish and pain and has been injured in the mind and body.

125. Plaintiff seeks compensatory damages for the violation of her rights.

**ELEVENTH CLAIM FOR RELIEF**

**False Imprisonment – California Common Law**

(Against Deputy Scotti)

126. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

19

127. Deputy Scotti intentionally deprived Plaintiff of her freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.

128. Plaintiff did not knowingly or voluntarily consent.

129. The conduct of Deputy Scotti was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Deputy Scotti.

130. As a direct and proximate cause of Deputy Scotti's actions, Plaintiff suffered extreme mental anguish and pain and has been injured in the mind and body.

131. Plaintiff seeks compensatory damages for the violation of her rights.

### TWELTH CLAIM FOR RELIEF
### Violation of Cal. Civil Code § 52.1
(Against All Defendants)

132. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

133. California Civil Code § 52.1 (the Bane Act) prohibits any person from interfering with another person's exercise of enjoyment of her constitutional rights by threats, intimidation, or coercion.

134. Deputy Scotti committed violent acts against Plaintiff, together with other misconduct, when he made Plaintiff orally copulate him and intimidated her to not report him for his actions.

135. Deputy Scotti's actions interfered with the civil rights of Plaintiff, including her right to be free from unreasonable search and seizure, to due process, to equal protection of the laws, to be free from state action that shocks the conscience, and to life, liberty, and property.

136. Deputy Scotti intentionally and spitefully committed the above acts to discourage Plaintiff from exercising her civil rights, to retaliate against her from

1    invoking such rights, or to prevent her from exercising such rights, which she was fully
2    entitled to enjoy.

3         137.   Plaintiff reasonably believed and understood that the violent acts
4    committed by Deputy Scotti were intended to discourage her from exercising the above
5    civil rights, to retaliate against her for invoking such rights, or to prevent her from
6    exercising such rights.

7         138.   Deputy Scotti successfully interfered with the civil rights of Plaintiff.

8         139.   The conduct of Deputy Scotti was willful, wanton, malicious, and done
9    with reckless disregard for the rights and safety of Plaintiff and therefore warrants the
10   imposition of exemplary and punitive damages as to Deputy Scotti.

11        140.   As a direct and proximate cause of Deputy Scotti's actions, Plaintiff
12   suffered extreme mental anguish and pain and has been injured in the mind and body.

13        141.   Plaintiff seeks compensatory damages for the violation of her rights.
14   Plaintiff also seeks attorneys' fees under this claim.

15

16                    **THIRTEENTH CLAIM FOR RELIEF**
17                   **Violation of Cal. Civil Code § 52.4**
18                         (Against All Defendants)

19        142.   Plaintiff incorporates by reference each and every allegation contained in
20   the foregoing paragraphs as if re-alleged herein.

21        143.   California Civil Code § 52.4 prohibits any person from committing an act
22   or acts of gender violence against another person.

23        144.   Deputy Scotti committed acts of gender violence against Plaintiff,
24   together with other misconduct, when he made Plaintiff orally copulate him and
25   intimidated her to not report him for his actions.

26        145.   Deputy Scotti intentionally and spitefully committed the above acts of
27   gender violence against Plaintiff.

28        146.   The conduct of Deputy Scotti was willful, wanton, malicious, and done

21

1  with reckless disregard for the rights and safety of Plaintiff and therefore warrants the
2  imposition of exemplary and punitive damages as to Deputy Scotti.

3       147.    As a direct and proximate cause of Deputy Scotti's actions, Plaintiff
4  suffered extreme mental anguish and pain and has been injured in the mind and body.

5       148.    Plaintiff seeks compensatory damages for the violation of her rights.
6  Plaintiff also seeks attorneys' fees under this claim.

7

8  **FOURTEENTH CLAIM FOR RELIEF**

9  **Violation of Cal. Civil Code § 1708.5**

10  (Against All Defendants)

11       149.    Plaintiff incorporates by reference each and every allegation contained in
12  the foregoing paragraphs as if re-alleged herein.

13       150.    California Civil Code § 1708.5 prohibits any person from committing a
14  sexual battery against another person.

15       151.    Deputy Scotti acted with intent to cause a harmful or offensive contact
16  with an intimate part of Plaintiff when he forced Plaintiff orally copulate him.

17       153.    Deputy Scotti intentionally and spitefully committed the above acts of
18  sexual battery against Plaintiff.

19       154.    The conduct of Deputy Scotti was willful, wanton, malicious, and done
20  with reckless disregard for the rights and safety of Plaintiff and therefore warrants the
21  imposition of exemplary and punitive damages as to Deputy Scotti.

22       155.    As a direct and proximate cause of Deputy Scotti's actions, Plaintiff
23  suffered extreme mental anguish and pain and has been injured in the mind and body.

24       156.    Plaintiff seeks compensatory damages for the violation of her rights.
25  Plaintiff also seeks attorneys' fees under this claim.

26

27

28

## FIFTEENTH CLAIM FOR RELIEF

### Negligent Supervision, Hiring, or Retention

(Against Defendant County)

157.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

158.   Deputy Scotti was unfit or incompetent to perform the work of a LASD sheriff deputy overseeing and supervising women inmates in a County-run jail.

159.   County knew or should have known that Deputy Scotti was unfit or incompetent and that his lack of fitness or incompetence created a particular risk to others, including Plaintiff and other women inmates at the CRDF.

160.   County's negligence in supervising, hiring, or retaining Deputy Scotti was a substantial factor in causing Plaintiff's harm.

161.   As a direct and proximate cause of County's actions or inactions, Plaintiff suffered extreme mental anguish and pain and has been injured in the mind and body.

162.   Plaintiff seeks compensatory damages for the violation of her rights.

## SIXTEENTH CLAIM FOR RELIEF

### Negligence

(Against Deputy Scotti)

163.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

164.   As a LASD deputy working at the CRDF, Deputy Scotti had a duty to supervise and look after women inmates at the CRDF.

165.   Deputy Scotti breached his duty by sexually assaulting Plaintiff.

166.   As a direct and proximate cause of Deputy Scotti's actions, Plaintiff suffered extreme mental anguish and pain and has been injured in the mind and body.

167.   Plaintiff seeks compensatory damages for the violation of her rights.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows against defendants:

1.      General and compensatory damages in an amount according to proof;

2.      Special damages in an amount according to proof;

3.      Exemplary and punitive damages against each individual and Doe defendant, but not against the County or LASD, in amounts according to proof;

4.      Cost of suit, including attorneys' fees, under 42 U.S.C. § 1988; and

5.      Such other relief as may be warranted or as is just and proper.

**LAW OFFICES OF ERIN DARLING**

DATED:  October 29, 2017

By:     /s/ Erin Darling
              Erin Darling
              Attorney for Plaintiff,
              JENNIFER ANN MATTHEWS

**LAW OFFICES OF JUSTIN STERLING**

DATED:  October 29, 2017

By:     /s/ Justin Sterling
              Justin Sterling
              Attorney for Plaintiff,
              JENNIFER ANN MATTHEWS

1

## JURY DEMAND

2      Plaintiff hereby demands trial by jury on all issues so triable.

3                                    **LAW OFFICES OF ERIN DARLING**

4   DATED:  October 29, 2017

5
                                     By:    /s/ Erin Darling
6                                           Erin Darling
7                                    Attorney for Plaintiff,
                                     JENNIFER ANN MATTHEWS
8

9

10                                   **LAW OFFICES OF JUSTIN STERLING**
    DATED:  October 29, 2017
11

12                                   By:    /s/ Justin Sterling
                                            Justin Sterling
13                                   Attorney for Plaintiff,
14                                   JENNIFER ANN MATTHEWS

15

16

17

18

19

20

21

22

23

24

25

26

27

28